IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   vs.<br><br>WHITNEY A. FRAZIER,<br><br>                Defendant. | 8:18CR356<br><br>FINDINGS AND RECOMMENDATION |

      This matter is before the Court on the Motion to Dismiss (Filing No. 21). For the following reasons, the undersigned magistrate judge recommends that Defendant's motion be denied, without a hearing.[1]

      Defendant is charged in the Indictment with two counts of assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). Both Counts allege that on April 10, 2018, Defendant assaulted T.F., an Indian female. Count I alleges Defendant struck T.F. in the eye with a screwdriver and Count II alleges Defendant kicked and stomped T.F. while wearing shoes. (Filing No. 1). Defendant has filed the instant motion to dismiss one of the counts in the Indictment as multiplicitous as both counts are part of the same assault and cannot be separated out. (Filing No. 21).

      "An indictment is multiplicitous if it charges the same crime in separate counts." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008)(citing *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005)). A multiplicitous indictment is problematic because "the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." *Chipps*, 410 F.3d at 447 (citing *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004)). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." *United States v. Two Elk*, 536 F.3d 890, 898 (8th Cir. 2008)

---

[1] Defendant's motion could be denied on the basis that he failed to simultaneously file a brief with his motion. See NECrimR 12.3(a)(1)("The court may treat a party's failure to simultaneously file a brief as an abandonment of the motion. . . . A party's failure to brief an issue raised in a motion may be considered a waiver of that issue."). Nevertheless, the undersigned also finds the motion should be denied on its merits.

(internal quotation omitted). "Where, as here, an indictment includes more than one count charging the same statutory violation, the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." *United States v. Hinkeldey*, 626 F.3d 1010, 1013 (8th Cir. 2010)(citing *Chipps*, 410 F.3d at 447). "A unit of prosecution is the aspect of activity that Congress intended to punish." *Id.*

"[T]he statutory language and legislative history of 18 U.S.C. § 113(a)(3) do not clearly establish whether Congress intended to define assault with a dangerous weapon in terms of separate acts or based on a course of conduct." *United States v. Siers*, No. CR 11-30131-RAL, 2011 WL 6826805, at *1 (D. S.D. Dec. 28, 2011)(internal quotation marks omitted). Where Congress has not specified the relevant unit of prosecution, a court applies the rule of lenity and resolves the issue in favor of the defendant. See *id.* at *2 (citing *Chipps*, 410 F.3d at 449). Therefore, the "application of the rule of lenity in this instance means interpreting assault with a dangerous weapon to be a course-of-conduct offense, as that limits Defendant's sentencing exposure." *Id.* (internal brackets and quotation marks omitted)(quoting *Chipps*, 410 F.3d at 449).

The government alleges that the assaults on April 10, 2018, against T.F. in Counts I and II occurred at different locations, at different times, and using different dangerous weapons. (Filing No. 24). The government contends that, although the assaults happened close in time on the same date, there was a sufficient break in time from when Defendant allegedly assaulted the victim in a home using his shod feet, to when he assaulted the same victim with a screwdriver after leaving the home. It is true that "[c]rimes occurring even minutes apart can qualify [as separate and distinct criminal episodes] . . . *if they have different victims* and are committed in different locations." *United States v. Humphrey*, 759 F.3d 909, 912 (8th Cir. 2014)(emphasis added). However, the Indictment in this case alleges that both assaults occurred on the same date against the same victim, and as acknowledged by the government, allegedly occurred close in time. At this time the Court does not know all of the facts surrounding the alleged altercation between Defendant and T.F. Accordingly, the undersigned cannot determine whether the incident was of an "uninterrupted nature" such that dismissal or merger of Counts I or II is justified. See *Siers*, 2011 WL 6826805, at *1 (applying the rule of lenity to interpret assault with a dangerous weapon to be a course-of-conduct offense, and deferring the determination of whether the incident was of an "uninterrupted nature" until the conclusion of the government's case). Therefore, the undersigned magistrate judge recommends that Defendant's motion to dismiss be denied, without prejudice to reassertion

at the conclusion of the government's case. See *United States v. Worthon*, 315 F.3d 980, 983 (8th Cir. 2003)("Whether an aggregate of acts constitutes a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts.")(internal quotation marks omitted). Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert F. Rossiter, Jr., that Defendant's Motion to Dismiss (Filing No. 21) be denied, without prejudice.

Dated this 26th day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.